**Dale D. KINNIBURGH, Keith W. Kiser, Robert J. Wagar, and B, B & K, Inc., Plaintiffs,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY and Glacier Park Company, Defendants.**

**No. CV 82–113–M.**

United States District Court, D. Montana, Missoula Division.

Aug. 4, 1983.

As Amended Nov. 22, 1983.

Donald A. Garrity, Garrity, Keegan & Brown, Helena, Mont., for plaintiffs.

Kurt W. Kroschel, Seattle, Wash., Wm. A. Brasher, Billings, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Central to the solution of this case is the question of whether the Ninth Circuit case of *Life Insurance Co. of North America v. Reichardt,* 591 F.2d 499, decided January 11, 1979, or the case of *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957, decided June 11, 1979, controls the scope of 42 U.S.C. § 1985(3), the so-called Ku Klux Klan Act.

In the *Reichardt* case the plaintiff, a woman, claimed that certain defendants had conspired to deprive her of the equal protection of the laws by discriminating against women in the fixing of insurance policy terms. The court, after denying relief because there was no state action under 42 U.S.C. § 1983, held that a claim was stated under Section 1985(3). The court held that the California Civil Rights Act (Cal.Civ.Code § 51 (West Supp.1978)) prohibits private discrimination and creates an entitlement to be free from private discrimination. The Court then said:

> The insurance companies would have us construe § 1985(3) to be limited to deprivations of federal rights, as opposed to any legal rights or entitlements (including state conferred rights). We believe such a narrow construction is inconsistent with the drafters' purpose and irreconcilable with the interpretation since accorded § 1985 by the Supreme Court. Violations of state conferred rights and privileges are sufficient to constitute a deprivation of "equal protection of the laws." *Harrison v. Brooks,* 446 F.2d 404 (1st Cir. 1971) (zoning law infringement).

591 F.2d at 505 (footnote omitted).

In the *Novotny* case, however, the Supreme Court held that a plaintiff who was fired because he had opposed a corporate policy discriminating against women in vio-

lation of Title VII of the Civil Rights Act of 1964 did not have a claim under Section 1985(3). The court said:

> Section 1985(3), by contrast, *creates* no rights. It is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined by the section.

442 U.S. at 376, 99 S.Ct. at 2351. Certainly Title VII creates rights in an individual, thereby creating an entitlement not to be discriminated against under federal law. If a federally created entitlement to be free from private discrimination cannot be protected by the remedies afforded by Section 1985(3), it is difficult to see how the same entitlement created by state law can be so protected. I am unable to reconcile the concepts inherent in *Reichardt* and *Novotny,* as expressed in the above-quoted language.

### FIRST CAUSE OF ACTION

■ The complaint alleges that over a period of years plaintiffs had numerous contacts with the defendants, all involving logging operations on defendants' lands; that difficulties between the parties arose in 1978 and 1979 and that in the fall of 1979 the plaintiff Kiser attended a meeting of persons who did logging work for defendant for the purpose of organizing said persons to enable them to negotiate with defendants on a more equal footing; that the defendants conspired to refuse, and have refused, to negotiate with plaintiff Kiser and his company B, B & K, Inc. (BB & K) for further contracts and have prevented plaintiffs Kiser and BB & K from gaining employment with other persons.

I know of no federal or state law which entitles private entrepreneurs to combine for business reasons and protects them in that entitlement.[1]

It may be that the allegation that defendants have prevented plaintiffs from getting other contracts spells out some kind of a common-law tort of interference.[2]

The motion to dismiss the first cause of action is granted. If plaintiffs Kiser and BB & K are claiming a tort and diversity jurisdiction, they may file an amended complaint within twenty (20) days.

### SECOND CAUSE OF ACTION

This claim concerns plaintiff Kinniburgh. In essence, Kinniburgh alleges that the defendants reduced their logging contracts with him for these reasons:

First, he was a party to the same organizational meeting described in the first cause of action.

Second, he employed members of the Jehovah's Witnesses faith.

Third, he employed subcontractors that defendants did not want.

■ For the reasons stated in the first claim, Kinniburgh has no entitlement to engage in business combinations and is not unlawfully discriminated against if contracts are not given to him for that reason.

■ For the reasons heretofore stated discrimination on religious grounds may not be the subject of an action under Section 1985(3).

■ There is no federal or state law which denies to a person who is letting a contract the right to dictate what subcontractors shall be employed.

The second cause of action is dismissed on the merits and with prejudice.

### THIRD CAUSE OF ACTION

This cause of action concerns the plaintiff Wagar. Wagar claims that he was the victim of religious discrimination. For the reasons heretofore stated this claim is not

---

**1.** As a matter of fact I am puzzled as to whether the organization sought to be created would not have run afoul of federal and state antitrust laws.

**2.** *See* Prosser, Law of Torts § 123 at 950 (3d ed. 1964). It may be that there is diversity jurisdiction.

the subject of an action under Section 1985(3).

The third cause of action is dismissed on the merits and with prejudice.

## FOURTH CAUSE OF ACTION

The fourth cause of action is dismissed on the merits and with prejudice. Insofar as it may embrace the possible tort claim in the first cause of action, it is redundant.

## FIFTH CAUSE OF ACTION

■ The complaint here does not allege that plaintiffs were employees of the defendants. They were independent contractors. I find no Montana law that gives an independent contractor a right to have his contract renewed simply because he had prior contracts. The fifth cause of action does not allege that the defendants made any promises to plaintiffs the breach of which would give rise to an action in damages.

The fifth cause of action is dismissed on the merits and with prejudice.

It is my opinion that the court's orders dismissing the first cause of action, with leave to amend, and dismissing the second, third, fourth, and fifth causes of action with prejudice involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal under 28 U.S.C. § 1292(b) from the court's orders may materially advance the termination of this litigation.